UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:10 CR 150-3 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| AUDREY BARBARA ROVEDO, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Audrey Barbara Rovedo's ("Defendant" or "Rovedo") Motion for Retroactive Reduction of Guideline Range and Sentence Pursuant to 18 USC 3582C and 18 USC 3553A. (Mot. to Reduce, ECF No. 1109.) For the following reasons, Defendant's Motion is denied.

## I. BACKGROUND

On April 7, 2010, Rovedo was charged in a multi-count, multi-defendant indictment with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 2); unlawful distribution of hydrocodone, a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2 (Counts 3-22); and unlawful distribution of alprazolam, a Schedule IV controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(2) and 18 U.S.C. § 2 (Count 23). (Indictment, ECF No. 1.) A jury found Defendant guilty of all counts at trial. (Verdict Forms, ECF No. 657.)

Rovedo was sentenced on April 18, 2013. (Mins. of Proceedings, ECF No. 829.) The 2008 Guidelines were used as they were found to be "less onerous." (Presentence Rep. ("PSR") ¶ 34, ECF No. 772.) Defendant's base offense level was set at 20, which was derived from U.S. Sentencing Guidelines ("Guidelines") § 2D1.1(c)(10). (Sentencing Tr. 52, ECF No. 942.) The offense level was based on the fact that Defendant distributed more than 40,000 units of a Schedule III substance. *See* U.S. Sentencing Guidelines Manual § 2D.1.1(c)(8) (U.S. Sentencing Comm'n 2008). At sentencing, the United States of America ("the Government") noted that, although the 2008 Guidelines capped the number of pills at a maximum of 40,000, the amount of drugs involved in the conspiracy was actually in excess of four million tablets. (Sentencing Tr. at 15-17.) The PSR also reflected that Defendant's offense conduct involved that amount. (PSR ¶ 28.) Because this quantity substantially exceeded the amount required for the highest offense level, the Government requested an upward variance under Guidelines §§ 2D1.1 cmt. n.16 and 5K2.0(a)(3). (Sent. Tr. at 13, 82-84.) Defendant objected to both the base offense level and to an upward departure, arguing that the Government had not even established that the conspiracy involved at least 40,000 dosage units. (*Id.* at 13-15, 63-66.) The court overruled these objections, but found instead that Defendant's offense conduct involved more than three million dosage units of hydrocodone and alprazolam. (*Id.* at 52-54.) The court also denied the Government's request, declining to depart upward based on the amount of drugs involved in the conspiracy. (*Id.* at 102-103.)

In addition to the base offense level of 20, the court applied a four-level enhancement under Guidelines § 3B1.1(a) based on Defendant's role in the offense as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. (*Id.* at 54-58.) Rovedo also received a two-level enhancement for distribution of a controlled substance through

mass-marketing by means of an interactive computer service. (*Id.* at 13, 81.) Finally, another two levels were added for the specific offense characteristics under Guidelines § 2S1.1(b)(2)(B), because the offense was a conviction under 18 U.S.C. § 1956(h). (*Id.* at 59.) Defendant was given a three-level reduction in her offense level for acceptance of responsibility. The resulting total offense level was 28. (*Id.* at 63.) Having no prior criminal convictions, Rovedo was determined to be in Criminal History Category I. (*Id.* at 63.) The resulting Guidelines range was 78 to 97 months imprisonment. (*Id.* at 105.) The court ultimately sentenced Defendant to a total of 78 months. (*Id.* at 110; Amended J. 3, ECF No. 941.)

Then, on July 18, 2014, the United States Sentencing Commission ("Sentencing Commission") approved the retroactive application of Sentencing Guidelines Amendment 782 ("Amendment 782"), which reduced the offense levels assigned in the Drug Quantity Table, Guidelines § 2D1.1, by two. Amendment 782 went into effect on November 1, 2014.

On January 18, 2016, Rovedo filed the instant Motion for Reduction of Sentence. (Mot. to Reduce, ECF No. 1109.) In her Motion, Defendant claims that she is eligible for a retroactive sentence reduction pursuant to Amendment 782. (*Id.* at 3-5.) In its Opposition, the Government argues that Rovedo is ineligible for a sentence reduction because she does not meet the criteria of 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)"), which only allows resentencing where an original sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission. (Opp'n 4, ECF No. 1110.) Instead, the Government contends, Defendant's sentencing range was actually increased by the new Guidelines. (*Id.*) Under the 2014 Guidelines, Rovedo's base

offense level would now be 30 instead of 20.[1] And, the Government argues, under the *Ex Post Facto* Clause, the new base offense level cannot be applied because it would put Defendant in a worse position than she was in at the time of sentencing. (*Id.* at 4 n.4.)

## II. LAW AND ANALYSIS

Pursuant to Section 3582(c)(2), a defendant's sentence may only be reduced in circumstances where she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The court must also determine whether a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2014). The applicable policy statement, found in § 1B1.10, states in relevant part: "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guidelines range." U.S. Sentencing Guidelines Manual § 1B1.10 (a)(2) (U.S. Sentencing Comm'n 2014).

Upon analysis of the relevant Guidelines sections, the court finds the arguments advanced in the Government's Opposition to be well taken. It is clear that Defendant's Guidelines range was not lowered by Amendment 782. Rovedo's offense conduct involved more than three million dosage units of hydrocodone and alprazolam. (Sent. Tr. 52-54, ECF No. 942.) Under the 2008 Guidelines, her base offense level was capped at 20, despite the fact that her offense conduct involved far more

---

[1] A defendant's pre-departure offense level is 30 if the relevant offense involves "1,000,000 units or more of Schedule III Hyrdrocodone." U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (U.S. Sentencing Comm'n 2014). The court found that Rovedo's offense conduct involved more than three million dosage units of hydrocodone and alprazolam, (Sentencing Tr. 52-54, ECF No. 942), the "vast majority of which was hydrocodone." (PSR ¶ 28, ECF No. 772.)

than the 40,000 units of hydrocodone. However, pursuant to Amendment 782, Rovedo's base offense level would now be capped at 30, based on the fact that her offense conduct involved more than one million units. U.S. Sentencing Guidelines Manual § 2D1.1(5) (U.S. Sentencing Comm'n 2014).

Consequently, the Guidelines range for her conduct would be higher under Amendment 782 than under the 2008 Guidelines Manual. And, the *Ex Post Facto* Clause prevents the application of the higher 2014 Guidelines range, which went into effect after the crime was committed. *See Peugh v. United States*, 133 S. Ct. 2072 (2013); *United States v. Welch*, 689 F.3d 529, 532-33 (6th Cir. 2012). As a result, Rovedo does not meet the criteria established by Section 3582(c)(2) to qualify for a sentence reduction.

### III. CONCLUSION

For the foregoing reasons, Rovedo's Motion for Retroactive Reduction of Guideline Range and Sentence Pursuant to 18 USC 3582C and 18 USC 3553A (Mot. to Reduce, ECF No. 1109) is denied.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 5, 2016